IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PHILLIP CAMPBELL-GRAVES,**

      **Plaintiff,**

v.                                                                                No. CIV-14-0051 LAM

**CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,**

      **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

**THIS MATTER** is before the Court on Plaintiff's *Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 26)*, filed September 2, 2015. The Commissioner filed a response in opposition to the motion on September 16, 2015 [*Doc. 27*], and Plaintiff filed a reply on September 21, 2015 [*Doc. 28*]. In his motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$6,712.00** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 26* at 1]. The Commissioner opposes the motion because she asserts that her position in this case was substantially justified. [*Doc. 27*]. Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v.*

*Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  The Commissioner bears the burden of showing that her position was substantially justified.  *See Hackett*, 475 F.3d at 1172.  "The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id.* (*quoting Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).  The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person."  *Hackett*, 475 F.3d at 1172 (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct," that is, "if it has a reasonable basis in law or fact."  *Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2).  However, even when the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level."  *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered a **Memorandum Opinion and Order** [*Doc. 24*], which granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded this case to the Commissioner for further proceedings consistent with the Memorandum Opinion and Order.  The Court found that the ALJ erred by failing to properly consider the findings of mental limitations by social worker Michael Hill and state agency consultant Dr. Dinwoodie (*id.* at 8-11), and by failing to consider the opinion of state agency examiner Dr. Ryan regarding Plaintiff's mental limitations (*id.* at 12).

The Commissioner first contends that her position in this case was substantially justified with regard to Mr. Hill's opinion because the Court's finding that the ALJ's consideration of Mr. Hill's opinion at step two of the sequential evaluation was insufficient was not an issue that was raised in Plaintiff's briefing.  [*Doc. 27* at 2-3].  Similarly, the Commissioner contends that

2

her position was substantially justified with regard to the opinion of Dr. Ryan because "it was the Court that *sua sponte* raised the issue of the ALJ's failure to explain why he relied on Dr. Ryan's physical findings (which the Court affirmed), but not his mental finding." *Id.* at 3.  The Court finds that these contentions are unavailing.  First, the issues upon which the Court based its decision were not raised *sua sponte*.  In her response to Plaintiff's motion to reverse or remand, the Commissioner contended that the ALJ properly considered Mr. Hill's opinions in the ALJ's step-two findings (*see Doc. 21* at 14-15), which the Court rejected by explaining that the ALJ's consideration of the findings at step two does not suffice as consideration of the findings at step four (*see Doc. 24* at 9, citing Soc. Sec. Rep. 96-8p).  Thus, the Commissioner raised the issue of whether a step-two consideration of limitations can be relied on for an assessment at step four -- it was not raised by the Court.  With regard to Dr. Ryan's opinion, Plaintiff contended that the ALJ failed to properly consider Dr. Ryan's September 2011 opinion, and specifically noted Dr. Ryan's opinion regarding Plaintiff's mental limitations.  *See* [*Doc. 18* at 16-17] (citing *Doc. 14-13* at 3-5).  Thus, even though Plaintiff's contention was within a section of his brief regarding Plaintiff's physical limitations, the issue of the ALJ's treatment of Dr. Ryan's opinion as a whole was squarely before the Court.

      Second, even if the Court had raised either of these issues *sua sponte*, the Commissioner fails to adequately support her contention that she would, thus, be entitled to a finding that her position in this case was substantially justified.  The Commissioner relies on the case *Amidon v. Lehman*, 730 F.2d 949 (4th Cir. 1984) for this contention, and the Court initially notes that this case is not binding precedent for this Court.  Moreover, in *Amidon*, the appellate court's finding that the Government's position in the litigation was substantially justified despite failing to consider issues that were raised *sua sponte* by the appellate court, was based on its reasoning that

3

the issues did not occur to any of the parties in the case or to the district court, and because the issues "were not self evident." *Id.* at 953. In contrast, here, the issues Defendant contends the Court raised *sua sponte* were at least generally raised by Plaintiff in his motion to reverse or remand, because Plaintiff contended that the ALJ failed to properly consider Mr. Hill's and Dr. Ryan's opinions, thereby giving Defendant an opportunity to address how the ALJ considered those opinions. Therefore, the Court finds that the Commissioner's position was not substantially justified as to the ALJ's treatment of the opinions of Mr. Hill and Dr. Ryan.

Next, the Commissioner contends that the ALJ did not err in his consideration of Dr. Dinwoodie's opinions because those opinions did not conflict with the ALJ's RFC assessment and because the Tenth Circuit has upheld this same argument in other factually similar cases. [*Doc. 27* at 6]. As explained in the Memorandum Opinion and Order, the ALJ did not address Dr. Dinwoodie's opinions that Plaintiff has moderate limitations in: the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods; and the ability to interact appropriately with the general public. [*Doc. 24* at 10] (citing *Doc. 14-4* at 12). The Court explained that these limitations are not accounted for in the ALJ's RFC determination, and the Court rejected the Commissioner' *post hoc* rationalization that the ALJ did not err because Dr. Dinwoodie's opinions did not require the ALJ to impose any non-exertional restrictions in his RFC determination. [*Doc. 24* at 10]. The Tenth Circuit has held that where the Commissioner attempted to cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, the Commissioner's position was not substantially justified and the denial of EAJA fees was improper. *See Hackett*, 457 F.3d at 1175. Similarly, in the

Commissioner's response to Plaintiff's motion for EAJA fees, the Court finds that the Commissioner is belatedly attempting to cure the ALJ's errors in this case. Therefore, the Court finds that the Commissioner's position was not substantially justified, and recommends allowing payment of attorney fees.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's *Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 26)* is **GRANTED**, and that Plaintiff is authorized to receive **$6,712.00** in attorney's fees for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's attorney is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's attorney is ultimately granted attorney fees under § 406(b) out of the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**